UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-11904 (WWB) |
| THAYER POWER & COMMUNICATION LINE CONSTRUCTION COMPANY, INC., | : | |
| Debtor. | : | |
| | : | CHAPTER 11 |
| THAYER POWER & COMMUNICATION LINE CONSTRUCTION COMPANY, INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | ADVERSARY PROCEEDING NO. 09- |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THAYER POWER & COMMUNICATION LINE CONSTRUCTION COMPANY, INC., | : | |
| Defendant. | : | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Thayer Power & Communication Line Construction Company, Inc. (the "Debtor" or "Plaintiff"), by and through its undersigned counsel, hereby files this *Complaint for Injunctive Relief* (the "Complaint"). In support of the Complaint, the Debtor states as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this action in this district is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7001(7) and 7065, Fed. R. Civ. P. 65 and 28 U.S.C. § 1651.

PARTIES

4. The Debtor is the Plaintiff in this adversary proceeding.

5. The Defendant is the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), which was organized on October 29, 2008.

FACTUAL BACKGROUND

6. On October 4, 2008 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at Case No. 08-11904(WWB).

7. On January 2, 2009, counsel for the Committee (Guy C. Fustine) sent a letter to counsel for the Debtor (Lawrence C. Bolla) wherein the Committee demanded that the Debtor "declare its intention to proceed immediately with a derivative action against [a list of parties including James and Joseph Thayer (the "Thayers") and the former Chief Financial Officer, Brian Quimby]." If the Debtor refused to do so, the Committee demanded that the Debtor authorize it to "investigate, file and pursue" any such actions (the "Insider Actions"). A true and correct copy of the Committee's letter is attached hereto as Exhibit "A".

8. On January 8, 2009, counsel for the Debtor responded to the Committee's demand by informing the Committee that the Debtor was in the process of formulating a plan of reorganization, that the Thayers are instrumental in the operation of the Debtor's business and in the formulation of a plan and that if the Committee intends to pursue the

Thayers and/or Quimby, it should wait until after confirmation. A true and correct copy of the Debtor's response letter is attached hereto as Exhibit "B".

9. On February 27, 2009, prior to conducting any independent investigation, the Committee filed a *Motion to Grant Authority to the Official Committee of Unsecured Creditors to Investigate and Prosecute Adversary Proceedings and/or Contested Matters Against Insiders* (the "Committee Motion") seeking authority to investigate and pursue Insider Claims (if any).

10. The Committee Motion is based upon allegations made by Key Bank in response to the Debtor's cash collateral motion. Since that time, however, Key Bank has consented to the use of cash collateral as well as the continued retention of the Thayers.

11. The Thayers are the owners and only remaining officers of the Debtor and are responsible for operating and growing the business in order to successfully reorganize.

12. Brian Quimby is the former Chief Financial Officer of the Debtor. Mr. Quimby was terminated prior to the Petition Date.

13. The Debtor (through the Thayers) is continuing to negotiate with Key Bank and its Union to formulate a confirmable plan that is in the best interest of the estate and its creditors and that will provide a distribution to unsecured creditors.

14. A full investigation of any Insider Claims by the Committee at this time would be disruptive, would unnecessarily consume the Thayers' time, would consume the resources of the Debtor and would delay the confirmation process.

15. The Debtor's bankruptcy schedules reflect the following:

a. The approximate going concern of the Debtor's assets is $5,555,819.09.

b. Key Bank has a lien on all of the Debtor's assets, including inventory and accounts receivable.

c. The Internal Revenue Service has filed a lien against the Debtor and this lien primes the lien of Key Bank in the Debtor's inventory and accounts receivable.

16. The total outstanding debt to Key Bank is approximately $10,000,000.00

17. The total outstanding debt to the Internal Revenue Service is approximately $3,000,000.00.

18. If the Debtor is not able to successfully reorganize, the Bank will not be paid in full and there will be no distribution to unsecured creditors.

## COUNT I
## TEMPORARY INJUNCTION – 11 U.S.C. § 105(a)

19. The averments contained in paragraphs 1 through 18 of this Complaint are incorporated herein by reference as if fully set forth.

20. Section 105(a) authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

21. The issuance of a temporary injunction to stay any Insider Claims by the Committee including, but not limited to, actions against the Thayers who are essential to the Debtor's operations and the development and implementation of a plan of reorganization, is appropriate to further the provisions of chapter 11.

22. The issuance of the requested temporary injunction is appropriate because:

    a. Any such actions would have an adverse impact on the Debtor's ability to reorganize by occupying a significant amount of the Thayers' time and the Debtor's resources;

    b. The Debtor has a reasonable likelihood of a successful reorganization based on its negotiations with Key Bank and its Union;

    c. Initiation of any such actions at this point would cause substantial hardship to the Debtor by interfering with the conduct of its business and the development of a plan of reorganization;

    d. Enjoining the Committee from commencing these actions until after plan confirmation will have no effect on their claims (if any) because the Debtor will agree to preserve any such claims for the benefit of the Committee under the terms of the plan; and

    e. The public interest favors an expedited confirmation process and disfavors unnecessary litigation delay and associated costs.

WHEREFORE, the Debtor respectfully requests that the Court enter a temporary injunction under 11 U.S.C. § 105(a) against the Committee staying any Insider Claims including, but not limited to, actions against the Thayers until after plan confirmation, and grant such further relief as is just and proper.

Dated: March 10, 2009

                    Respectfully submitted,

                    /s/Lawrence C. Bolla
                    Lawrence C. Bolla, Esquire
                    lbolla@quinnfirm.com
                    Nicholas R. Pagliari, Esquire
                    npagliari@quinnfirm.com
                    QUINN LAW FIRM
                    2222 West Grandview Boulevard
                    Erie, Pennsylvania 16506
                    Tel: (814) 833-2222
                    Fax: (800) 309-5069

                    Counsel to Thayer Power & Communication
                    Line Construction Company, Inc.

Document #436706