UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-11904(TPA) |
| | : | |
| THAYER POWER & COMMUNICATION LINE CONSTRUCTION CO., INC., | : | |
| | : | |
| Debtor. | : | CHAPTER 11 |
| _____ | : | |
| THAYER POWER & COMMUNICATION LINE CONSTRUCTION CO., INC., | : | Related to Document No. 291 |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| (NO RESPONDENT). | : | JUDGE AGRESTI |
| _____ | : | |

## FIFTH MOTION TO EXTEND EXCLUSIVITY PERIODS
## PURSUANT TO 11 U.S.C. § 1121(d)

Thayer Power & Communication Line Construction Co., Inc. (the "Debtor"), by and through its undersigned counsel, hereby files this *Fifth Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "Motion"). In support of the Motion, the Debtor states as follows:

### BACKGROUND

1. On October 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court").

2. The Debtor continues in the management of its business and properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No examiner or trustee has been appointed.

3. The Debtor is a Pennsylvania corporation having a primary business address located at 7400 Market Rd., Fairview, Pennsylvania 16415.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's case and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor is a utility contractor servicing areas in Pennsylvania, Ohio, and Kentucky.

6. On January 21, 2009, the Debtor filed its *Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "First Extension Motion"), and on February 10, 2009, the Court entered an Order granting the First Extension Motion extending the exclusive period during which the Debtor may file a plan from February 2, 2009 to May 4, 2009 and extending the exclusive period during which the Debtor may obtain acceptances of a plan from April 2, 2009 to July 2, 2009.

7. On April 9, 2009, the Debtor filed its *Second Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "Second Extension Motion"), and on April 14, 2009, the Court entered an Order granting the Second Extension Motion extending the exclusive period during which the Debtor may file a plan from May 4, 2009 to August 4, 2009 and extending the exclusive period during which the Debtor may obtain acceptances of a plan from July 2, 2009 to October 5, 2009.

8. On July 29, 2009, the Debtor filed its *Third Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "Third Extension Motion"), and on August 5, 2009, the Court entered an Order granting the Third Extension Motion extending the exclusive period during which the Debtor may file a plan from August 4, 2009 to November 4, 2009 and

extending the exclusive period during which the Debtor may obtain acceptances of a plan from October 5, 2009 to January 5, 2010.

9. On October 21, 2009, the Debtor filed its *Fourth Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "Fourth Extension Motion"), and on October 27, 2009, the Court entered an Order granting the Fourth Extension Motion extending the exclusive period during which the Debtor may file a plan from November 4, 2009 to February 5, 2010 and extending the exclusive period during which the Debtor may obtain acceptances of a plan from January 5, 2010 to April 5, 2010.

## **RELIEF REQUESTED**

10. The Debtor currently has the exclusive right to file a Plan of Reorganization until February 5, 2010. The Debtor also has the exclusive right to obtain acceptances of a plan until April 5, 2010.

11. On December 2, 2009, the Debtor filed a *Motion for Order Approving Sale of Substantially all Personal Property of the Debtor Free and Clear of Liens, Claims, Encumbrances and Interests Outside the Ordinary Course of Business, (ii) Authorizing Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (iii) Granting Related Relief* (the "Sale Motion") seeking to sell substantially all of its assets.

12. Pursuant to the terms of the *Order on Expedited Motion for Order Approving (I) Bidding Procedures; (II) Break-Up Fee Related to the Sale of Substantially all of Debtor's Personal Property; and (III) Form and Manner of Sale Notice* (the "Bidding Procedures Order") as amended by the *Order Approving Amended Emergency Motion to (A) Compel the Production of Certain Due Diligence Material; (B) Modifying Order Approving (I) Bidding Procedures; (II) Break-Up Fee Related to the Sale of Substantially all of Debtor's Personal*

*Property; and (III) Form and Manner of Sale Notice* (the "Amended Bidding Procedures Order"), all bids and bid deposits must be submitted by February 10, 2010 and a hearing on the Sale Motion and/or auction is scheduled for February 12, 2010 at 2:00 p.m.

13. Once the sale process is complete and the sale is closed, the Debtor will be in a position to formulate a plan and disclosure statement and submit the same to the Court.

14. Pursuant to 11 U.S.C. § 1121(d), the Debtor requests an additional ninety (90) day extension of its exclusivity periods in order to complete the sale process, continue negotiations with creditors and to formulate a plan of reorganization that is in the best interest of the estate.

15. Accordingly, the Debtor requests an extension of time until May 5, 2010 to file a plan and an extension of time until July 5, 2010 to obtain acceptances of the plan.

WHEREFORE, the Debtor respectfully requests this Honorable Court enter an Order pursuant to 11 U.S.C. § 1121(d) extending the exclusive period during which the Debtor may file a plan from February 5, 2010 to May 5, 2010 and extending the exclusive period during which the Debtor may obtain acceptances of a plan from April 5, 2010 to July 5, 2010 and grant such other relief as this Court deems appropriate.

Dated: February 5, 2010

                Respectfully submitted,

                QUINN BUSECK LEEMHUIS TOOHEY &
                KROTO, INC.

                */s/ Nicholas R. Pagliari*
                Lawrence C. Bolla, Esquire
                lbolla@quinnfirm.com
                Nicholas R. Pagliari, Esquire
                npagliari@quinnfirm.com
                2222 West Grandview Boulevard
                Erie, Pennsylvania 16506
                Tel: (814) 833-2222
                Fax: (814) 835-2076
                Counsel for the Debtor

Document #491895

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-11904(TPA) |
| | : | |
| THAYER POWER & | : | |
| COMMUNICATION LINE | : | |
| CONSTRUCTION CO., INC., | : | |
| | : | |
| Debtor. | : | CHAPTER 11 |
| _____ | : | |
| THAYER POWER & | : | |
| COMMUNICATION LINE | : | |
| CONSTRUCTION CO., INC., | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| (NO RESPONDENT). | : | JUDGE AGRESTI |
| _____ | : | |

## CERTIFICATE OF SERVICE

      I, the undersigned, certify that I served, or caused to be served, on the 5th day of February, 2010, a copy of the Fifth Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d) upon each of the following persons and parties in interest at the address shown below:

Executed on: February 5, 2010

                                   Respectfully submitted,

                                   QUINN, BUSECK, LEEMHUIS, TOOHEY
                                   & KROTO, INC.

                                   By */s/ Nicholas R. Pagliari*
                                       Nicholas R. Pagliari, Esq.
                                       Pa. I.D. No. 87877
                                       2222 West Grandview Boulevard
                                       Erie, PA 16506-4508
                                       Tel: (814) 833-2222
                                       Fax: (800) 309-5069
                                       npagliari@quinnfirm.com
                                       Counsel for the Debtor

Thayer Power & Communication Line Construction Company, Inc.
Case No. 08-11904 TPA

**Service List**

**Official Committee of Unsecured Creditors:**

| |
|---|
| Graybar Electric Company, Inc.<br>ATTENTION:  Todd Carl Moser<br>900 Ridge Avenue<br>Pittsburgh, PA  15212 |
| Malin, Bergquist, & Co. LLP<br>ATTENTION:  Jeffrey E. Beach<br>2402 West 8th Street<br>Erie, PA 16505 |
| I.B.E.W. Local No. 71<br>ATTENTION:  Patrick H. Grice<br>6322 Oharra Road<br>Galloway, OH  43119 |
| National Electric Benefit Fund<br>c/of Tucker Arensberg, P.C.<br>ATTENTION:  Jonathan A. Orie, Esquire<br>1500 One PPG Place<br>Pittsburgh, PA  15222 |
| D.V. Weber Construction, Inc.<br>ATTENTION: David Lee Weber<br>Box 116<br>Reedsville, OH  45772 |

**Counsel/Interested Parties:**

| |
|---|
| GE Money Bank<br>c/of Recovery Management Systems Corp.<br>ATTENTION:  Ramesh Singh<br>25 S.E. Second Avenue<br>Suite 1120<br>Miami, FL  33131-1605 |
| John A. Lombardi<br>Hill, Barth, & King LLC<br>5121 Zuck Road<br>Erie, PA  16506 |

| |
|---|
| Albert D. Melchiorre<br>Melcap Partners LLC<br>5164 Normandy Park Drive<br>Suite 285<br>Medina, OH  44256 |
| Robert M. Morrow<br>Meansk, Bechimer, Burkholder & Baker Co.<br>2006 Kenny Road<br>Columbus, OH  43221 |
| Michael W. Nalli, Esquire<br>150 Pleasant Drive<br>Suite 101<br>Aliquippa, PA  15001 |
| David B. Redmann<br>R.L. Davidson & Company<br>4610 S. Ulster Street, Suite 150<br>Denver, CO  80237 |

**The following parties receive service via the Court's CM/ECF System and will not receive a paper copy of the filing:**

| |
|---|
| Deborah C. Phillips, Esquire, Counsel for Dept. of Labor & Industry |
| Peter S. Russ, Esquire, Counsel to Key Bank National Association |
| T. Lawrence Palmer, Esquire, Counsel for Commonwealth of Pennsylvania, Dept. of Revenue |
| Edward J. Laubach, Jr., Esquire, Counsel to Internal Revenue Service |
| Thomas J. Minarcik, Esquire, Counsel for Tom Tillman & Tillman Group |
| Scott A. Levin, Esquire, Counsel for Selective Insurance Company of  SC |
| Michael J. Stauber, Esquire & Jeffrey J. Leech, Esquire, Counsel for Western Pennsylvania Electrical Employee         Benefit Funds and National Electric Benefit Fund |
| Office of the United States Trustee |
| Heather A. Sprague, Esquire, Office of the United States Trustee |
| Guy C. Fustine, Esquire & Joseph F. Gula, Esquire, Counsel to Official Unsecured Creditor's Committee |
| Robert M. Morrow, Esquire & Jeffrey J. Madison, Esquire, Counsel to Roberts Electrical Construction Co. |
| Gary V. Skiba, Esquire, Counsel to National Electrical Benefit Fund and National Electrical Annuity Plan |
| Craig E. Zucker, Esquire, Counsel to National Electric Benefit Fund and National Electrical Annuity Plan |
| Jeffrey G. Herman, Esquire, Counsel to Larry Gosnell |
| Julia Lee Wahl, Esquire, Counsel to Internal Revenue Service |